UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SCOTT L. HUGGETT,                                    Case No. 3:11-cv-476-HA

        Plaintiff,                                 OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Scott Huggett seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying his application for Disability Insurance Benefits

(DIB) and Supplemental Security Income (SSI).  This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g).   After reviewing the record, this court

concludes that the Commissioner's decision must be REVERSED and REMANDED FOR

FURTHER PROCEEDINGS.

## STANDARDS

      Because this is plaintiff's second application for benefits and his fourth review in the

federal court system, the court will only briefly discuss the standards for obtaining SSI and DIB

OPINION AND ORDER- 1

benefits. To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The

OPINION AND ORDER- 2

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

On June 14, 2007, plaintiff filed applications for DIB and SSI. Plaintiff was forty years old at that time. In his applications, he alleged disability since May 31, 2007, based on several mental and physical impairments. His applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on October 5, 2009. The ALJ heard testimony from plaintiff, who was represented by counsel, and an independent vocational expert (VE). During the hearing, plaintiff amended his alleged disability onset date to June 1, 2007.

Following the hearing, on October 27, 2009, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from the following severe impairments: fibromyalgia, headaches, sleep apnea, right knee effusion, history of right shoulder rotator cuff repair, a mood disorder, an anxiety disorder, degenerative disc disease, and carpal tunnel syndrome. Tr. 27, Finding 3.[1] However, the ALJ determined that none of the impairments met or equaled a listed impairment in 20 C.F.R. Part

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

404, Subpart P, Appendix 1. Tr. 28, Finding 4.   Thus, the ALJ needed to determine plaintiff's RFC.

After consulting the record, the ALJ found that plaintiff has the RFC to lift twenty pounds occasionally and ten pounds frequently; stand and walk two hours out of an eight-hour day; sit six hours out of an eight-hour day; is limited to frequent fingering and handling; should not work at unprotected heights; and should have only occasional interaction with the general public. Tr. 28, Finding 5. Based on plaintiff's RFC and testimony from the VE, the ALJ found that plaintiff was unable to perform his past relevant work as a merchandiser and auto dealership technician. Tr. 32, Finding 6. The ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, including a stock checker and parts inventory worker. Tr. 32-33, Finding 10. The ALJ noted that these jobs were light exertion and unskilled, so they "did not require the performance of tasks precluded by the claimant's [RFC]." Tr. 33.

Plaintiff then sought administrative review from the Appeals Council, and submitted additional medical records along with his request. The Appeals Council declined plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits based on the ALJ's allegedly improper rejection of medical opinion evidence. Alternatively, plaintiff asks the court to remand this case for further proceedings to give the ALJ an opportunity to consider additional evidence. Because the first issue is dispositive, the court need not address plaintiff's second assignment of error.

OPINION AND ORDER- 4

1.    **Medical opinion evidence**

Plaintiff contends that the ALJ improperly rejected the opinions of two non-treating

physicians, Bill Hennings, Ph.D. and Katie Ugolini, Ph.D.  Plaintiff argues that despite the ALJ's

statement that he was giving significant weight to the opinions of Drs. Hennings and Ugolini, the

ALJ failed to include all of their restrictions into plaintiff's RFC and the hypothetical given to the

VE.  Defendant responds that any alleged error caused by the ALJ's omission of every restriction

described by the physicians in plaintiff's RFC was harmless.

Where a treating or examining physician's opinion is uncontradicted by another doctor's

opinion, the ALJ may reject it only by stating clear and convincing reasons supported by

substantial evidence in the record.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In this

case, the opinions of Drs. Ugolini and Hennings were consistent with plaintiff's treating

physician's opinion, and were uncontradicted.  Accordingly, the ALJ was required to state clear

and convincing reasons for rejecting their opinions.

In 2007, Dr. Ugolini conducted a psychodiagnostic examination of plaintiff for the

Oregon Department of Health and Human Services.  Tr. 438.  She noted that plaintiff had no

deficits in registration, language, and had the ability to follow a three-step command, however,

he lost track of the task during "serial 7's" and had to be reoriented.  Tr. 442-43.  She opined that

plaintiff would have mild difficulty with simple instructions, and moderate difficulties in

remembering detailed instructions and maintaining focused attention and persisting in work

throughout an eight-hour day.  Tr. 443.  Doctor Hennings's opinion was consistent with Dr.

Ugolini, and noted that plaintiff would likely have a mild restriction in daily activities and

OPINION AND ORDER- 5

moderate difficulties in maintaining social functioning, concentration, persistence, or pace. Tr. 456, 460-61.

The ALJ stated that he gave both opinions "significant weight," but rejected Dr. Ugolini's opinion about plaintiff's inability to focus and persist throughout an eight-hour day. Tr. 31-32. The ALJ explained that more recent treatment records reflected that plaintiff's mood and concentration were improved with medication, so he determined that plaintiff lacked significant difficulties in persistence. Tr. 31. The treatment records, however, do not support the ALJ's finding.

Following plaintiff's examination with Dr. Ugolini, he started taking Lamictal for his mood, but that made him subdued and non-reactive to life events. Tr. 484, 496, 503. Plaintiff then switched to Abilify and reported that it was "very helpful for his mood" in December 2008 and March 2009. Tr. 481-82. In July 2009, plaintiff asked his physician for a higher dose of Abilify after he stopped taking Prozac to see if his headaches would lessen. Tr. 480. Plaintiff reported that his mood had decreased recently, but that he was not depressed. *Id.* Although plaintiff reported improvement in his mood symptoms, the records do not reflect that his medication resolved all of his concentration issues or would negate Dr. Ugolini's opinion that he maintained difficulties with focused attention and persistence. *See Lester*, 81 F.3d at 833 ("Occasional symptom-free periods-and even the sporadic ability to work-are not inconsistent with disability.") Moreover, Dr. Ugolini's opinion was not based solely on plaintiff's mood symptoms. Plaintiff's mood improvement from medication is not a clear and convincing reason to accept all but one aspect of Dr. Ugolini's opinion.

OPINION AND ORDER- 6

Additionally, Dr. Ugolini's opinion was consistent with Dr. Hennings's findings that plaintiff was moderately limited in his ability to maintain attention and concentration for extended periods, and moderately limited in his ability to complete a normal workday without interruptions. Tr. 460-61. Doctor Hennings concluded, based on those findings, that plaintiff is capable of understanding, remembering, and carrying out three-step commands, and simple unskilled work. Tr. 458, 462. Defendant concedes that the ALJ failed to include any of these limitations in plaintiff's RFC even though he accepted the opinion. Tr. 31-32.

After concluding that the ALJ erred in formulating plaintiff's RFC because it omitted plaintiff's restrictions related to simple instructions, and his moderate difficulties with concentration and persistence, this court must reverse the Commissioner's decision. To meet its burden at step five of the sequential analysis, the Commissioner may rely on the testimony of a VE. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citation omitted). Therefore, the hypothetical questions that an ALJ poses to a VE must include all of the claimant's functional limitations, both physical and mental, that are supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If the hypothetical fails to take into account all of the claimant's limitations, it is defective and cannot provide substantial evidence for the ALJ's ultimate disability determination. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Here, plaintiff's RFC, and the resulting hypothetical presented to the VE, did not include any non-exertional limitations beyond a restriction to occasional public contact. Because the hypothetical posed to the VE failed to account for plaintiff's limitations in concentration and persistence, it was defective. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211, 212

OPINION AND ORDER- 7

(9th Cir. 2009) (reversing ALJ's opinion where the hypothetical limited the claimant to "simple, repetitive work," but should have also included the physician's opinion that the claimant had moderate limitations in concentration, persistence, or pace).

Defendant responds that this error was harmless because the jobs identified by the VE were at the unskilled level. *See* Tr. 47 (identifying the jobs that plaintiff could perform as unskilled, light work with a specific vocational preparation level of two). An error is considered to be harmless if it is "inconsequential to the ultimate nondisability determination" and does not negate the validity of the ALJ's ultimate conclusion. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Although the jobs identified by the VE required only unskilled work, this accounts for only one of the omitted non-exertional limitations—plaintiff's ability to complete simple work with three-step commands. Plaintiff's limitations related to concentration and persistence remain unaddressed, so this court cannot conclude that the error was inconsequential to the ultimate disability determination.

## 2.    Remand

Generally, when a reviewing court reverses an administrative determination, the proper course is to remand to the agency for further proceedings. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for further proceedings is unnecessary, however, if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211

F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Although plaintiff asks this court to credit the improperly rejected medical opinions as a matter of law, *see Lester*, 81 F.3d at 834, the credit-as-true rule does not require a remand for benefits when outstanding issues must be resolved before a proper disability determination can be made, even after the evidence at issue is credited. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (citation omitted). In this case, the record does not conclusively demonstrate that plaintiff is disabled. Even if this court credited the medical opinions that plaintiff has moderate difficulties in maintaining focused attention and persisting in work throughout an eight-hour work day, it is unclear how long plaintiff would be moderately impaired in concentration and persistence, and whether these impairments would preclude all employment.

The VE testified that if a person experienced moderately impaired concentration for up to one-third of the work day, "it's going to be very, very noticeable by supervisors, co-workers. The whole responsibility of the job will be effected [sic] eventually probably as early as two weeks." Tr. 49. The VE's testimony is ambivalent at best, and does not establish that plaintiff is unable to engage in any gainful employment existing in the national economy. While this court is reluctant to remand the case for further proceedings in light of plaintiff's long history seeking benefits, this court can only remand for benefits if the record establishes that plaintiff is in fact disabled under the Act. *See Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") (citation omitted). Accordingly, upon remand, the ALJ shall include plaintiff's non-exertional limitations regarding moderate impairments in

OPINION AND ORDER- 9

concentration and persistence, and restrictions to simple work with three-step commands, in the hypothetical to the VE to determine whether plaintiff is able to perform gainful employment.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Scott Huggett's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this **27** day of February, 2012.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 10